**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 10 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA SOFIA OCEGUEDA, | No. 13–56463 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:13-cv-00430-JC |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Respondent. | |

On Appeal From the United States District Court
for the Central District of California
Jacqueline Chooljian, Magistrate Judge, presiding

Submitted October 23, 2015[**]
Pasadena, California

Before: PREGERSON and TROTT, Circuit Judges, and STAFFORD, Senior District Judge.[***]

Maria Sofia Ocegueda appeals the district court's judgment affirming the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable William H. Stafford, Jr., Senior District Judge for the U.S. District Court for Northern Florida, sitting by designation.

Commissioner of Social Security's denial of Ocegueda's application for disability insurance benefits and supplemental security income. We review the district court's decision *de novo* and will disturb the denial of benefits only if the Commissioner's decision was based on legal error or was not supported by substantial evidence in the record as a whole. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

The Commissioner, via an administrative law judge ("ALJ"), determined at step four of the five-step evaluation process that Ocegueda was not disabled because her residual functional capacity ("RFC") did not prevent her from performing her past relevant work as a beautician. Ocegueda contends—and we agree—that the district court erred in finding that there was substantial evidence supporting the ALJ's step-four determination regarding Ocegueda's capacity to do her past relevant work.[1]

At step four of the sequential evaluation process, claimants bear the burden of showing that they can no longer perform their past relevant work. *Pinto v.*

---

[1] Ocegueda also contends that the ALJ erred by not considering whether her past work as a beautician rose to the level of "substantial gainful activity." Ocegueda admits that she did not raise this issue before the district court. As a general rule, this Court does not consider issues that were not first raised before the district court. *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001). Although this court has discretion to make an exception to waiver in certain circumstances, *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006), the circumstances do not favor waiver as to this issue.

*Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Id.* In particular, an ALJ's step-four determination "must contain among the findings the following specific findings of fact: 1. A finding of fact as to the individual's RFC. 2. A finding of fact as to the physical and mental demands of the past job/occupation. 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation." SSR 82–62, 1982 WL 31386, at *4. While the claimant is the primary source for vocational documentation, *id.* at *3, the ALJ may utilize a vocational expert ("VE") to assist in the step-four determination as to whether a claimant is able to perform her past relevant work. 20 C.F.R. § 404.1560(b)(2) (providing that, at step four, a VE's testimony "concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy[,] . . . may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work").

Here, in his step-four analysis, the ALJ first found that, since the onset of her disability on May 2, 2009, Ocegueda has had an RFC for "light work" as defined

in the Social Security regulations,[2] with a sit/stand option, no repetitive bending, squatting, kneeling, or crawling, and no forceful gripping or grasping with her left hand. Ocegueda has not challenged the ALJ's RFC finding.

The ALJ next found that Ocegueda's past work as a beautician constituted "light work." Although the ALJ did not explain the basis for—or cite any authority for—this finding, the *Dictionary of Occupational Titles* ("DOT"), at No. 332.271–010, supports the ALJ's finding that the exertional demands of the job of beautician—at least as performed in the national economy—are "light" as defined in the regulations. The DOT is the presumptive authority on how a job is generally performed. *Pinto*, 249 F.3d at 845; *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

Ocegueda maintains that the ALJ's third and final step-four finding—that Ocegueda's RFC would permit her to work as a beautician—is not supported by substantial evidence. In its entirety, the ALJ's finding in this regard was as follows:

The claimant is capable of performing past relevant work as a

---

[2] The regulations define "light work" as follows: "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b); 416.967(b).

> beautician. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965). In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed. The claimant's past work as a beautician is light work, requiring frequent, but not constant or repetitive activity, since she can briefly take a break or change activity or position at will.

The district court aptly described the ALJ's step-four analysis as "brief." We find that analysis to be not only brief, but—more importantly—we find it to be insufficiently supported by record evidence.

Under the regulations as interpreted by the Commissioner, a "full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83–10, 1983 WL 31251, at *6. The record reveals—through Ocegueda's self-prepared work history report—that Ocegueda's past work as a beautician required *seven* hours of standing and walking in an eight-hour work day, resulting in prolonged weight bearing that appears to be incompatible with her RFC for "light work."

Ocegueda's RFC, moreover, includes a sit/stand option, which is not included in the definition of "light work." As recognized by the Commissioner, a person who requires a sit/stand option "is not functionally capable of doing . . . the prolonged standing or walking contemplated for *most* light work." SSR 83–12,

1983 WL 31253, at *4 (emphasis added). The DOT does not address a sit/stand option for the job of beautician, and the ALJ did not call a vocational expert to testify about whether the "light work" of a beautician may be performed with a sit/stand option.

Without explanation, the ALJ found that Ocegueda is able to perform her past relevant work as a beautician "as actually and generally performed." Because we do not find substantial evidence in the record to support such a finding, we reverse the judgment of the district court with directions for the district court to remand the matter to the Commissioner for development of a sufficient record and for further consideration.

**REVERSED AND REMANDED.**